STATE of Indiana, Appellant
(Plaintiff Below),

v.

William L. WHITE, Appellee
(Defendant Below).

No. 82A04–8807–CR–247.

Court of Appeals of Indiana,
Fourth District.

Feb. 14, 1989.

---

Linley E. Pearson, Atty. Gen., and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Thomas J. Meyer, Taylor, Meyer & Hutchinson, Owensboro, Ky., and James A. Kornblum, Lockyear & Kornblum, Evansville, for appellee.

CHEZEM, Judge.

## Case Summary

The Appellant–State of Indiana appeals the granting of a motion for Judgment on the Evidence on behalf of Appellee–White, charged with Forgery, a Class C felony in a criminal case.

## Issue

The Appellant raises one issue on appeal: Whether the trial court erred, as a matter of law, in granting the motion for judgment on the evidence.

## Facts

The Appellee, White, was employed at the Evansville Livestock Market ("ELM"), and it was his duty to supervise the office every Tuesday while ELM conducted its cattle auction. November, 1986, ELM purchased some cattle in Illinois through two of its field representatives. Cattle sold through a livestock market customarily brings a lower price than if sold by an individual. Michael Baker, the ELM general manager, adopted the fictitious name, "John Long" to market the cattle. Using information obtained from the dock receipts, Maureen Veach, another ELM employee, made out the two ELM checks in question to "John Long." White's first contact with the subject checks occurred after the auction; he asked Baker, "Is he gonna come pick these up?" Baker said, "No, they're our cattle. There is no John Long. Put it in the bank." White endorsed both checks by signing the fictitious name "John Long" and deposited the checks into ELM's bank account.

White was charged with two counts of forgery. At trial, following the presentation of the State's case, White moved for judgment on the evidence. The trial court granted the motion.

## Discussion and Decision

"Where all or some of the issues in a case tried before a jury ... are not supported by sufficient evidence ..., the court shall withdraw such issues from the jury and enter judgment thereon ..." Indiana Rules of Trial Procedure Rule 50. A judgment on the evidence is proper only where there is a total absence of evidence on some essential issue, or where the evidence is without conflict and susceptible of only one inference in favor of the moving party. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110, 1114, U.S. *cert. den.* 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331. Here, looking only at the evidence most favorable to the State, there is no conflict. The State did not present any evidence to establish nor from which it could be inferred that White committed forgery.

Forgery requires a showing that:

A person, who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority.

Ind.Code 35–43–5–2.

The State failed to introduce any evidence that White endorsed the checks with the intent to defraud. Here, White acted under the direction and with the authority of his employer. Baker, ELM's manager, selected the fictitious name "John Long" and affixed it to the dock receipt. Veach prepared the checks from the information provided in the dock receipt. White's first contact with the checks occurred when Baker told him to deposit the checks because they belonged to the company. White was given authority to endorse the checks by Baker, the individual responsible for assuming the fictitious name.[1]

---

1. *See* Ind.Code 26–1–3–405(1)(c). An indorsement by any person in the name of a named payee is effective if an agent or employee of the maker or drawer has supplied him with the

In a forgery, an innocent person is injured and the wrong person acquires the money. Here, the checks were not used to defraud an innocent person.[2] There were three parties having an interest in each check:

(1) The drawer—ELM

(2) The payee—"John Long", a name assumed by ELM

(3) The payee bank—Owensboro National Bank

Not one of these parties was defrauded by this transaction. Because the drawer and the payee were one in the same, the funds belonged to ELM, were made payable to ELM, and remained within the control of ELM. The bank simply debited one ELM account and credited another.

In sum, the State failed to establish that White committed forgery. The trial court properly granted the Judgment on the Evidence. Affirmed.

NEAL and MILLER, JJ., concur.

name of the payee intending the latter to have no such interest.

2. This court recognizes that the assumption of the fictitious name may have been used to mislead the public as to the true ownership of the cattle. However, the State conceded that this misrepresentation would have already taken place before the checks were drawn.